UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHIRLEY A. COMMONS, | : | |
| | : | CAUSE NO: 1:18-cv-435 |
| Plaintiff | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| STARBUCKS CORPORATION, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Shirley A. Commons ("Plaintiff"), by counsel, for her complaint against Starbucks Corporation ("Defendant"), states as follows:

## JURISDICTION AND VENUE

1. This action seeks redress for violation of rights guaranteed to Plaintiff by the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §621, et seq. Plaintiff seeks damages and other relief to redress the Defendant's discriminatory employment practices.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 1343 (a)(3) and (4) to secure protection and redress deprivation of rights secured by 29 U.S.C.§621 et seq.

3. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), on September 25, 2017.  Attached here, incorporated here and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

4.     On about November 23, 2017, sixty (60) days elapsed for the EEOC. Plaintiff does not need a Notice of Right to Sue to file a lawsuit in court any time after 60 days have passed from the day she filed her charge

5.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## PARTIES

6.     All acts alleged were committed within the Southern District of Indiana and venue is proper within this District and Division under 28 U.S.C.§1391 (b) (1) and (2).

7.     Plaintiff is United States citizen who resides in Richmond, Wayne County, Indiana.

8.     Defendant is a Corporation with its headquarters are located at 2401 Utah Avenue South, Suite 800, Seattle, VA 98134.

## FACTS

9.     Plaintiff, Shirley A. Commons, is an individual and a citizen of the State of Indiana.

10.    Plaintiff is currently fifty-nine (59) years of age.

11.    Plaintiff is female.

12.    At the time of her termination, Plaintiff worked at Defendant's store located at 3750 National Road, Richmond, IN 47374.

13.    Defendant is engaged in an industry affecting interstate commerce and regularly does business in the State of Indiana.

14.    At all relevant times, Defendant employed more than twenty (20) employees.

15.    At all relevant times, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

16. At all relevant times, Defendant acted as an employer within the meaning of the statute which forms the basis of this matter.

17. At all relevant times, Plaintiff was an employee of Defendant within the meaning of the statute which forms the basis of this matter.

18. On or around September 3, 2007, Defendant hired Plaintiff.

19. At the time of her termination, Plaintiff had nearly ten (10) years of service with Defendant.

20. During her employment, Plaintiff worked at Defendant store located in Richmond, Indiana.

21. From on or around 2009, until her termination from Defendant, Plaintiff held the position of Shift Supervisor at Defendant's store located in Richmond, Indiana.

22. Shift Supervisors, such as Plaintiff, reported to a Store Manager.

23. At all times relevant, Plaintiff reported to either Lindsay Crawford or Jessica Tapia as her Store Supervisors (both women are between 20-30 years of age).

24. As Store Supervisor, Ms. Tapia oversaw approximately six (6) Shift Supervisors, including Plaintiff.

25. Upon information and belief, Plaintiff was the oldest Shift Supervisor reporting to Ms. Tapia.

26. Upon information and belief, the other Store Supervisors reporting to Ms. Tapia were substantially younger than Plaintiff.

27. On May 21, 2017, Ms. Tapia informed Plaintiff that her employment was terminated, effective immediately.

28. Defendant's stated reason for terminating Plaintiff's employment was that she was disrespectful to both a co-worker and a local food pantry vendor.

29. Defendant's stated reason for terminating Plaintiff 's employment is false and pretextual.

30. Plaintiff was the only employee terminated at the time.

31. Defendant replaced Plaintiff with an individual who, upon information and belief, is approximately thirty (30) years younger than Plaintiff.

32. There is an underrepresentation of employees over the age of forty (40) at Defendant.

33. Defendant failed to provide any legitimate explanation for terminating Plaintiff's employment.

34. At all times material, Defendant has made and continues to make employment decisions based on age.

35. Defendant has engaged in a pattern and practice of targeting older workers.

36. Plaintiff's age was a motivating and determinative factor in Defendant's decision to terminate Plaintiff.

37. As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, the full extent of which is not known at this time.

## COUNT I
## ADEA—AGE DISCRIMINATION

38. Paragraphs 1 through 37 are incorporated by reference as if fully set out here in entirety.

39. These acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff based on her age, in violation of the ADEA.

40. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff is now suffering and will continue to suffer irreparable injury, including but not limited to, lost wages.

## DEMAND FOR RELIEF

THEREFORE, Plaintiff, Shirley A. Commons requests judgment against Starbucks Corporation and respectfully requests that this Court:

A. Enter a judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

B. Award Plaintiff damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

C. Order the Defendant to pay liquidated damages to Shirley A. Commons in an amount equal to Defendant's lost earnings because Defendant's violation of the ADEA was willful;

D. Award Plaintiff her attorney's fees, costs, and expenses of this action; and

E. Grant Plaintiff such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

Respectfully submitted,

/s Kenyatta P. Cox_____
Kenyatta P. Cox, 25730-89
COX LAW FIRM, LLC
814 East Main Street
Richmond, IN 47374
(765) 373-9360 Direct Tel & Fax
kcox@worksupra.com
*Attorney for Plaintiff Shirley A. Commons*